**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| PAMELA CAUDLE, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:08-CV-1237-JOF |
| TRAVELERS PROPERTY | : | |
| CASUALTY COMPANY OF | : | |
| AMERICA, | : | |
| | : | |
| Defendant. | : | |

## **OPINION AND ORDER**

This matter is before the court on motion to withdraw as attorney [30] and Defendant's motion to dismiss with prejudice [32].

Plaintiff, Pamela Caudle, filed suit against Defendant, Travelers Property Casualty Company of America, on February 26, 2008, in the Superior Court of Gwinnett County, alleging breach of contract and bad faith for failure to pay the insurance claim of Plaintiff on the value of her dwelling after a fire that occurred in Plaintiff's house. Defendant removed the suit to this court on March 27, 2008.

As the court previously noted in this case, Kenneth Sissel represented Plaintiff at the time she filed her complaint in state court. Several months after the removal, Mr. Sissel filed a motion to withdraw as attorney citing conflicts between him and his client. At that

time, it appeared to the court that Jason Coffman and David Glass had begun to represent Plaintiff. Defendant's counsel then informed the court that they had received a handwritten note from Plaintiff on August 25, 2008, indicating that Messrs. Coffman and Glass no longer represent her. At that time, neither Mr. Glass nor Mr. Coffman had filed a motion to withdraw as counsel. As discovery was set to expire three days later, Defendant filed a motion for an extension of time to complete discovery.

In light of these circumstances, the court issued an order on November 14, 2008, granting Mr. Sissel's motion to withdraw as attorney and granting Defendant's motion for an extension of time to complete discovery. The court set the end of discovery for November 26, 2008. The court also directed Plaintiff to inform the court within twenty days whether she would be proceeding pro se or whether she intended to retain new counsel. The court further directed the Clerk of the Court to serve the order on Plaintiff at her last known address of: Pamela W. Caudle, 1244 Kimlie Lane, Decatur, Georgia 30035.

Since that time, the court has received no response from Plaintiff. Specifically, Plaintiff has failed to inform the court whether she intends to proceed pro se or whether she has retained counsel. Mr. Coffman and Mr. Glass did file a motion to withdraw as counsel, and for good cause shown, the court grants that motion.

On November 26, 2008, Defendant filed the instant motion to dismiss with prejudice for failure to prosecute, failure to obey an order of the court, and as a sanction for failure to

2

respond to discovery. In the alternative, Defendant asks the court to compel discovery and for its expenses in bringing the motion. Through the affidavit of its counsel, Karen Karabinos, Defendant informs the court of the following facts. Plaintiff has not filed a response to Defendant's motion and therefore there is no dispute as to this time line of events.

Defendant first noticed Plaintiff's deposition for July 10, 2008. This deposition was postponed when Plaintiff's first counsel filed a motion to withdraw and her new counsel, Mr. Glass, had a conflict on the previously scheduled day. The parties rescheduled Plaintiff's deposition for August 5, 2008. That deposition was cancelled after Plaintiff's counsel agreed to dismiss Plaintiff's complaint. Plaintiff, herself, then contacted Defendant's counsel and informed her that she was not dismissing the complaint and she had fired her two attorneys, Mr. Glass and Mr. Coffman.

At Defendant's request, the court extended discovery until September 25, 2008. Defendant served an amended Notice of Deposition for October 17, 2008. Plaintiff then sent a handwritten note to Defendant's counsel requesting an additional ten days to secure representation. Defendant's counsel agreed to this extension of time to get counsel but would not shift the deposition from October 17, 2008, in light of the previous postponements and the approaching close of the discovery period.

3

On October 10, 2008, Plaintiff again wrote to Defendant's counsel to request that no depositions take place until she retained counsel. Four days later, the court issued its previously described order in which it granted Plaintiff's counsel's motion to withdraw and instructed Plaintiff to inform the court whether she intended to secure new counsel. In light of this order, Defendant's counsel agreed to postpone Plaintiff's deposition until November 5, 2008.

On the day before the rescheduled deposition, Plaintiff faxed to Defendant's counsel a handwritten note stating she would not appear at the deposition because of her need to "pursue an investigation of this matter." Defendant's counsel stated she would not further delay Plaintiff's deposition and she would be at the deposition the following day. Defendant's counsel also reminded Plaintiff during that conversation that Plaintiff had not responded to the court's order instructing her to inform the court whether she would be retaining counsel. Plaintiff did not appear at the November 5, 2008 deposition.

On November 17, 2008, Plaintiff was served with a Notice of Deposition for Jonathan Bailey. Plaintiff did not appear at Mr. Bailey's November 25, 2008 deposition.

Defendant asks the court to dismiss Plaintiff's complaint as a sanction under Rule 37(d)(1)(A) for failure to attend her own deposition. In the alternative, Defendant asks the court to issue an order compelling Plaintiff to file her initial disclosures within one week and to appear at her deposition within two weeks of the order. Defendant asks for a three-month

4

extension of discovery and for the court to order Plaintiff to pay attorney's fees in the amount of $919.25 for filing the motion to compel.

Federal Rule of Civil Procedure 37 provides that where a party fails to attend his own deposition, the court may dismiss the case and tax reasonable expenses, including attorney's fees. Central to such consideration, however, is whether lesser sanctions would be more appropriate and whether the party failing to comply evidenced a willful or bad faith refusal to do so. *Beavers v. American Cast Iron Pipe Co.*, 852 F.2d 527, 530 (11th Cir. 1988); *see also National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639 (1976). The court recognizes that Plaintiff's actions to this point have delayed the litigation and caused unnecessary inconvenience to Defendant. The court, however, finds that a lesser sanction would be more appropriate at this stage in the litigation. Similarly, the court will not yet dismiss Plaintiff's case on the two alternative bases argued in Defendant's motion.[1]

---

[1] Rule 41(b) provides that a court may dismiss an action for failure to prosecute. Fed. R. Civ. P. 41(b). Local Rule 41.3(A)(3) allows a court to dismiss a case for want of prosecution if it has been pending in court for more than six months without any substantial proceedings of record having been taken in the case. L.R. 41.3(A)(3) N.D. Ga. Dismissal is only proper where "there is a clear record of delay or willful contempt and a finding that a lesser sanction would not suffice." *Cohen v. Carnival Cruiselines*, 782 F.2d 923, 924 (11th Cir. 1986) (quoting *Goforth v. Owens*, 766 F.2d 1533, 35 (11th Cir. 1985)). The court must find that the delay is deliberate and not simply the result of negligence. *McKelvey v. AT&T Technologies*, 789 F.2d 1518, 1520 (11th Cir. 1986). The court does not find that Plaintiff's actions in this case constitute failure to prosecute at this point. However, as the court notes below, Plaintiff must follow the instructions in this order, or she will face the possible sanction of dismissal of her action.

Pursuant to Local Rule 43.1A(2), this court may dismiss a civil case for failure to obey a lawful order of this court. In its October 14, 2008 order, the court instructed Plaintiff

5

AO 72A
(Rev.8/82)

The court DIRECTS Plaintiff to file her initial disclosures within seven calendar days from the date of this order. The court further DIRECTS Defendant to offer three days for Plaintiff's deposition within the three-week time period after the date of entry of this order. Plaintiff must accept one of those three dates for her deposition. The court further grants Defendant's request for a three-month extension of discovery. The court will hold in abeyance Defendant's request for attorney's fees. Finally, Plaintiff is reminded that she must keep the court apprised of any changes in address.

The court reminds Plaintiff that she is required to comply with this order regardless of whether she has located counsel. Plaintiff has no right to counsel in this civil litigation. If she cannot obtain counsel, she may proceed pro se. The court further notes that this is the last opportunity Plaintiff will have to comply with the court's orders and participate in the litigation. Otherwise, she will face the sanction of dismissal of her complaint.

---

to inform the court within twenty days whether she would be proceeding pro se or whether she had secured new counsel. Plaintiff has failed to respond to this order. Again, the court has the option of dismissing Plaintiff's case at this point but will grant Plaintiff one final opportunity to pursue the litigation.

AO 72A
(Rev.8/82)

**Conclusion**

The court GRANTS the motion to withdraw as attorney [30] and GRANTS IN PART AND DENIES IN PART Defendant's motion to dismiss with prejudice [32].

The Clerk of the Court is DIRECTED to serve this order on Plaintiff at her last known address of: Pamela W. Caudle, 1244 Kimlie Lane, Decatur, Georgia 30035.

**IT IS SO ORDERED** this 13th day of January 2009.

                                          s/ J. Owen Forrester
                                          J. OWEN FORRESTER
                              SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)